# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-15-145-D |
| | ) | (No. CIV-19-1012-D) |
| PAULINO MUNOZ-ALVARADO, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Paulino Munoz-Alvarado's Motion to Vacate, Set Aside or Correct a Federal Sentence Pursuant to 28 U.S.C. § 2255 [Doc. No. 95]. The United States has filed a response in opposition [Doc. No. 97], and Defendant has replied [Doc. No. 99]. For the reasons stated herein, the Court finds that no hearing is needed and that the motion should be denied.[1]

## FACTUAL AND PROCEDURAL HISTORY

Defendant was charged in a two-count indictment with 1) possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1); and 2) knowingly and intentionally possessing a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). [Doc. No. 1]. Defendant pled guilty to both counts

---

[1] No evidentiary hearing is needed where the existing record conclusively shows Defendant is not entitled to relief. *See United States v. Lopez,* 100 F.3d 113, 121 (10th Cir. 1996); 28 U.S.C. § 2255(b).

on September 29, 2015. [Doc. Nos. 52–54]. On May 10, 2016, the Court sentenced him to 120 months imprisonment on Count One and 60 months on Count Two, with the sentences to run consecutively. [Doc. No. 79].

Defendant filed the instant motion on November 4, 2019. Defendant seeks to vacate his conviction and sentence on Count Two based on the United States Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). The United States contends that the *Davis* decision is not applicable because Defendant's predicate offense was a drug trafficking crime, and the Supreme Court only examined the constitutionality of the residual clause's definition of a crime of violence in 18 U.S.C. § 924(c)(3)(B).

## DISCUSSION

**I.     The Supreme Court in *Davis* held that the definition of a crime of violence in the residual clause of § 924(c)(3)(B) is unconstitutionally vague.**

Section 924(c) of Title 18 of the United States Code authorizes enhanced criminal penalties for possessing a firearm during and in relation to a drug trafficking crime or a crime of violence. 18 U.S.C. § 924(c)(1)(A). The statute defines a "drug trafficking crime" as a "felony punishable under the Controlled Substances Act, 21 U.S.C. § 801 et seq., the Controlled Substances Import and Export Act, 21 U.S.C. § 951 et seq., or chapter 705 of title 46." 18 U.S.C. § 924(c)(2). The statute defines the term "crime of violence" in two subparts—the first known as the elements clause (subparagraph (A)), and the second the residual clause (subparagraph (B)). *Id*. § 924(c)(3). According to § 924(c)(3), a crime of violence is a felony offense that:

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id*.

Respondents in *Davis* were convicted by a jury of brandishing firearms in connection with their Hobbs Act robberies and in violation of § 924(c). *Davis*, 139 S. Ct. at 2324. On appeal, both argued that the residual clause of § 924(c) was unconstitutionally vague. *Id*. at 2325. The Supreme Court granted certiorari to resolve the dispute among the lower courts concerning the constitutionality of the clause. *Id*. Ultimately, the Court agreed with the Fifth Circuit that § 924(c)(3)(B)—the residual clause defining a crime of violence for purposes of the heightened penalties—was unconstitutionally vague. *Id*. at 2336.

**II.     The Supreme Court's holding in *Davis* has no effect on Defendant's § 924(c) conviction for possessing a firearm during and in relation to a drug trafficking crime.**

The Supreme Court's holding in *Davis* concerned only the constitutionality of the residual clause's definition of a crime of violence. It did not touch on the definition of a crime of violence in the elements subpart of § 924(c)(3)(A) or the definition of a drug trafficking crime in § 924(c)(2). Defendant was convicted in Count Two of possessing a firearm during and in relation to his drug trafficking crime in Count One—possession with intent to distribute 500 grams or more of a mixture containing a detectable amount of

3

methamphetamine. Thus, the Supreme Court's ruling in *Davis* has no bearing on Defendant's convictions.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Vacate, Set Aside or Correct a Federal Sentence Pursuant to 28 U.S.C. § 2255 [Doc. No. 95] is **DENIED**.

Having reached that conclusion, Rule 11(a) of the Rules Governing Section 2255 Proceedings requires the Court to determine whether a certificate of appealability should issue. To obtain a certificate of appealability, Defendant must make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). Defendant can make such a showing by demonstrating that the issues he seeks to raise are deserving of further proceedings, debatable among jurists of reason, or subject to a different resolution on appeal. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Defendant has failed to do so in this case. Accordingly, the Court concludes that a certificate of appealability should not issue.

**IT IS SO ORDERED** this 26th day of February 2020.

TIMOTHY D. DeGIUSTI
Chief United States District Judge